COURT OF CHANCERY
OF THE
STATE OF DELAWARE

LOREN MITCHELL
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report: September 20, 2023
Date Submitted: July 25, 2023

Kevin Boatswain
411 S. Harrison Street
Wilmington, DE 19805

Kaan Ekiner, Esquire
Cozen O'Connor
1201 North Market Street, Suite 1001
Wilmington, DE 19801

Michelle Boatswain
411 S. Harrison Street
Wilmington, DE 19805

Joanna J. Cline, Esquire
Emily L. Wheatley, Esquire
Troutman Pepper Hamilton Sanders LLP
1313 N. Market Street, Suite 5100
Wilmington, DE 19801

Re:  *Kevin Boatswain, et al. v. Robert Miller, et al.*,
     C.A. No. 2023-0358-LM

Dear Parties and Counsel:

Pending before me are two motions. Defendants Robert Miller and Luke Real

Estate have moved this Court to dismiss under Court of Chancery Rule 12(b)(6) and,

in the interim, have requested a more definite statement under Rule 12(e).  Defendant

Wilmington Savings Fund Society FSB ("WSFS") have joined in Defendant Miller

and Defendant Luke Real Estate's motion ("the Motion") seeking dismissal of this

Petition.

The motions find me after more than a year of litigation between the parties.[1] In their Prayer for Relief to this Court, Plaintiffs earnestly request for a "judge to hear [their] case and get a clear understanding how [they were treated] unfairly on a house [they were] residing in for over ten years and wanted [it] for [their family]." While I understand Plaintiffs would like to be heard, this case has reached a point where Defendants and Delaware taxpayers would be unduly burdened if I conducted a hearing even if only to give them their proverbial, "day in court." Even still, Delaware's collegial approach toward litigation imposes a "certain leeway" to *pro se* litigants and because of it, Delaware judges bear the burden of balancing the interest of the *pro se* litigant against the material cost a party's pro se status may have toward the opposing party.[2] Today, this case has reached the tipping point where further leniency toward the party's *pro se* status would unduly burden the Defendants in this case, and unfairly restrain judicial resources.[3]

---

[1] Although the claim before this Court was filed in March of 2023, the plaintiffs' initial claims against the defendants were filed in Superior Court on June 30, 2022.

[2] *Govette v. Elec. Referral Manager, Inc.*, 2021 WL 2311956, at *2 (Del. Ch. June 7, 2021) (citations and internal quotation marks omitted).

[3] *Id.* at *1. ("Whatever its contribution to access to justice, *pro se* litigation in this Court tends to impose extra costs on society and the other litigants, and decreases the opportunity for success of the self-represented litigant as well.")

In the interest of providing the greatest leniency I could possibly show in good faith, I have taken judicial notice of the earlier record in the Superior Court matter.[4] After reading the record there, and considering the pleadings before this Court, I find the motions to dismiss should be granted and this action should be dismissed in full.

This is my final report.

## I.    BACKGROUND[5]

This case was transferred under 10 Del. C. § 1902 from the Superior Court following an Order of dismissal with prejudice of a related racial discrimination

---

[4] *See Aequitas Sols., Inc. v. Anderson*, 2012 WL 2903324, at *3 (Del. Ch. June 25, 2012) (taking judicial notice of a pleading filed in a related action). *See also In re Career Educ. Corp. Derivative Litig.*, 2007 WL 2875203, at *9 (Del. Ch. Sept. 28, 2007) ("When considering a motion to dismiss, the court also may take judicial notice of publicly filed documents, such as documents publicly filed in litigation pending in other jurisdictions."); *See, e.g., Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) ("An analysis of the leniency granted to *pro se* litigants in other situations suggests that Delaware courts, at their discretion, look to the underlying substance of a *pro se* litigant's filings rather than rejecting filings for formal defects and hold those *pro se* filings to 'a somewhat less stringent technical standard' than those drafted by lawyers." (citation omitted)); *see Dickens v. Costello*, 2004 WL 396377, at *1 (Del. Super. 2004) ("Because the Plaintiff is acting *pro se*, the Court will attempt to unearth the merits of his most recent motion.").

[5] Unless otherwise noted, factual averments are taken from the complaint, its supplement (identified on the Docket as a "letter"), Docket Item ("D.I.") 1, and accepted as true if well-pleaded. *See Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002). Additionally, for the purposes of the instant motion to dismiss, I have taken judicial notice of the Superior Court docket for the related action (No. CV N22C-07-020 AML) and its associated Order by the Delaware Superior Court, (*Boatswain v. Miller,* 2023 WL 355487 (Del. Super. Jan. 23, 2023)).

claim by, then—Judge, Abigail Legrow.[6]  The surviving claim is now here, a breach of fiduciary duty.

In or around 2021, the Plaintiffs, Kevin and Michelle Boatswain (collectively, "Plaintiffs"), attempted to purchase a residential property located at 411 South Harrison Street, Wilmington, Delaware (the "Property") from Defendant WSFS. Defendant Miller was the listing agent for the property, while Defendant Luke Real Estate (collectively, "Defendants") was the broker.[7]  At the time, Plaintiffs were already leasing the Property and had been doing so from 2009.[8] Because the tenants, who later became known to Defendants as the Plaintiffs, refused to allow anyone to inspect the Property, Defendants listed the Property as "*Sight Unseen,*" and solicitated cash offers.

When the Plaintiffs discovered the Property listing on Zillow.com, they submitted a financed offer for $90,000.[9]  In response to the offer, Defendant Miller told Plaintiffs that an interior inspection of the property was required.[10]  Plaintiffs

---

[6] *See Miller,* 2023 WL 355487 at *3.

[7] *Id.* at *1.

[8] *Id.*

[9] *Id.*

[10] *Id.*

questioned the Defendants' motives.[11]  Defendant Miller explained that their mortgage company would only consider financed offers if they could first inspect the Property and obtain photographs.[12]  The parties wrestled over this issue with Defendant Miller repeatedly requesting access to the Property and Plaintiffs' refusal. Ultimately, another buyer purchased the Property from under the Plaintiffs in an "all-cash transaction."[13]

On June 30, 2022, Plaintiffs filed a complaint against Defendants in Superior Court.[14]  The Plaintiffs' complaint alleged two Counts; racial discrimination in violation of Delaware's Fair Housing Act ("FHA") in Count I and a breach of fiduciary duty in Count II.[15]  The complaint also sought compensation for Plaintiffs' damages as well as attorneys' fees.[16]  The Defendants moved to dismiss both claims; Count I for failure to state a claim and Count II for lack of subject matter jurisdiction.[17]  In their briefing, Plaintiffs conceded Count I should be dismissed, and

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at *2.

[15] *Id.*

[16] *Id.*

[17] *Id.*

following a review of the motions, Superior Court agreed.[18]  On October 6, 2022,

then-Judge Legrow of the Delaware Superior Court issued an Order dismissing with

prejudice Count I and transferring Count II here, finding that the Court of Chancery

was the appropriate court for the fiduciary duty claim, as it is a matter in equity.[19]

She gave Plaintiffs 60 days to transfer the claim here, or Count II would also be

dismissed with prejudice.[20] The surviving claim for a breach of fiduciary duty is now

before me.

II.     **ANALYSIS**

A.     **Motion to Dismiss under 12(b)(6)**

The moving Defendants seek dismissal under Court of Chancery Rule

12(b)(6) for: "failure to state a claim upon which relief can be granted."  The

standard of review under Rule 12(b)(6) is settled:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even
> vague allegations are "well-pleaded" if they give the opposing party
> notice of the claim; (iii) the Court must draw all reasonable inferences
> in favor of the non-moving party; and (iv) dismissal is inappropriate
> unless the "plaintiff would not be entitled to recover under any
> reasonably conceivable set of circumstances susceptible of proof."[21]

---

[18] *Id*. at *3.

[19] *Id*. at *2 ("A breach of fiduciary duty claim "is an equitable cause of action and the [Delaware] Court of Chancery has exclusive jurisdiction over such claims.") (alteration in original) (citation and internal quotation marks omitted).

[20] *Id*.

[21] *FMR Corp.*, 812 A.2d  at 894, 896–97 (citation and internal quotation marks omitted).

The moving Defendants argue that the Complaint should be dismissed because it fails to state a viable claim for which relief can be granted.[22]  Defendants Miller and Luke Real Estate argue that the Complaint fails to allege any facts which establish the facts necessary to support a cognizable claim against them.[23]  They assert that it would be unfair to look at anything outside of the Complaint.[24]  If I were to consider the Letter submitted with the Complaint, they argue that the Letter attachment, also fails to establish any claim against them.[25]  Defendant WSFS agrees that the Complaint fails to establish any claims, but adds that in either submission, Plaintiffs fail to assert any substantive claim against them, individually, and that they are only named in the general caption.[26]  The Defendants go on to defend themselves against claims of breaches of fiduciary duty.[27]

After a plain review of the Complaint in this matter, it is unclear what, if any, claim Plaintiffs are asserting against Defendants.  Delaware is a notice pleading

---

[22] Compl. at 6; D.I. 3.

[23] Compl. at 6.

[24] *Id*.

[25] *Id*. at 7.

[26] D.I. 3.

[27] D.I. 2; D.I. 3.

district.[28]  Notice pleading requires that the petitioner place the defendant on notice of the claims against him.[29]  This Complaint does not fill that requirement.  Although Delaware law affords "*pro se* litigants … some leniency in presenting their cases, ... *pro se* litigants must abide by the same rules that apply to all other litigants."[30]  It is under the Court's jurisprudence, that I was able to take judicial notice of the previous case in Superior Court and, thereby, gain a complete understanding of what Plaintiff may have been alleging.  But, while the Court must take into consideration a party's *pro se* status, it is not the job of the opposing party.

Here, the Defendants go on to defend themselves against a breach of fiduciary duty.  There is no doubt that they do so because they are aware that Plaintiff's prior claims were dismissed and Plaintiff requested a timely transfer of the remaining claim here, to the proper court.  Undoubtedly, Plaintiffs' Complaint gives notice to Defendants that a claim existed, what that claim is—remains a mystery.  Defendants should not be forced to guess at the claims they face.  They should not be forced to

---

[28] *VLIW Tech., LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 611 (Del. 2003).

[29] *Id*.  This simple pleading standard has limitations.  For example, claims of fraud require a higher degree of specificity. *See e.g.*, Del. Ch. Ct. R. 9.

[30] *Lidya Holdings Inc. v. Eksin*, 2022 WL 274679, at *3 (Del. Ch. Jan. 31, 2022) (*quoting Hayward v. King*, 2015 WL 6941599, at *4 (Del. 2015) (TABLE)).

rely on the prior record from another court, to articulate a proper defense. Rather, if I were to allow such a case to continue, Plaintiffs could possibly raise additional claims throughout the duration of this action. I am not willing to impose such a task onto the Defendants.

### B. Motion for More Definite Statement

Should I decide Plaintiffs claim survives the 12(b)(6) motion, Defendants also request a more definite statement. I find that Plaintiffs have had ample to time to articulate a viable claim. The record shows that Plaintiffs seek a breach of fiduciary duty claim and Plaintiffs fail to bring that claim or allege any facts which could possibly indicate that Defendants owed them a duty. While I understand the frustration Plaintiffs articulate with the outcome of the sale of the home they lived in, under the facts alleged in either proceeding, Defendants had no affirmative duty to sell the property, let alone sell it to the Plaintiffs.

### III. CONCLUSION

For the foregoing reasons, I find that Defendants' Motions to Dismiss be granted with prejudice. In the interest of judicial economy, this matter should be

closed. This is a final report and exceptions may be taken pursuant to Court of

Chancery Rule 144.

Respectfully submitted,

*/s/ Loren Mitchell*

Magistrate in Chancery